IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSAN WENGERT, f/k/a SUSAN MCCONNELL,<br><br>Plaintiff,<br><br>vs.<br><br>THERESA A. RAJENDRAN, Personal Representative of the Estate of Timothy McConnell, deceased, and Trustee of the Timothy McConnell Trust, and MARK SWANSON, MICHAEL HERZOG, and JAY VAN ROY, Members of the Majors Plastics, Inc., Employee Stock Ownership Plan,<br><br>Defendants. | 8:15CV366<br><br>ORDER |

This matter is before the court on the motion to strike jury demand (Filing No. 21) filed by the defendants Mark Swanson, Michael Herzog, and Jay Van Roy (collectively the ESOP Committee). The ESOP Committee filed a brief (Filing No. 22) in support of the motion. The plaintiff filed a brief (Filing No. 26) in opposition to the motion. The ESOP Committee filed a brief (Filing No. 30) in reply. The defendant Theresa A. Rajendran (Rajendran) did not join the motion to strike or participate in the briefing.

BACKGROUND

This action was filed by the surviving spouse of Timothy McConnell (the decedent) to recover funds allegedly improperly distributed from the decedent's 401(k) plan and employee stock ownership plan to the decedent's daughter, Rajendran, acting as the personal representative of the decedent's estate and as trustee of the Timothy McConnell Trust (the Trust). The decedent was the Chief Executive Officer of Majors Plastics, Inc. (Majors Plastics). **See** Filing No. 29 - Am. Compl. ¶ 11. During his employment with Majors Plastics, the decedent participated in Majors Plastics' 401(k) plan and Employee Stock Ownership Plan (ESOP), which is an employee benefits plan governed by the Employee Retirement Income Security Act of 1974 (ERISA). *Id.* ¶¶ 11-

12, 20. The ESOP Committee is comprised of members of the ESOP's Plan Administrative Committee. *Id.* ¶¶ 7, 11.

The decedent died on September 14, 2014. *Id.* ¶ 18. At the time of the decedent's death, a divorce action between the plaintiff and the decedent was pending in state court. *Id.* ¶ 9. As part of the divorce action, the state court issued an injunction preventing the plaintiff or decedent from transferring or disposing of any property, including the decedent's interest in the Majors Plastics' 401(k). *Id.* ¶ 20. The plaintiff alleges the decedent transferred $371,449.25 from the Majors Plastics' 401(k) to Rajendran in her capacity as personal representative or trustee on May 29, 2014, in violation of the injunction. *Id.* ¶¶ 20-21. Additionally, the plaintiff alleges two days prior to the decedent's death, on September 12, 2014, the decedent "took steps" to transfer the full value of the ESOP, $2,721,739.37, into an account held by the Trust. *Id.* ¶¶ 19, 21.1. The plaintiff alleges the ESOP Committee improperly transferred the ESOP funds to Rajendran on September 15, 2014, subsequent to the decedent's death. *Id.* ¶¶ 18-22. The plaintiff alleges she was the proper beneficiary of the ESOP as the decedent's surviving spouse and made a demand for payment on the ESOP Committee pursuant to the terms of the ESOP. *Id.* ¶ 39. The plaintiff alleges her claim was denied and she has exhausted her administrative remedies. *Id.*

On September 14, 2015, the plaintiff filed a complaint in state court against Rajendran and the ESOP Committee to recover the funds transferred from the decedent's 401(k) and the ESOP under theories of breach of contract, conversion, aiding and abetting, and unjust enrichment. **See** Filing No. 1-1 - Complaint. The parties jointly removed the case to this court on October 8, 2015, agreeing the plaintiff's claim for ESOP funds is a claim for benefits arising under ERISA. **See** Filing No. 1 - Joint Notice of Removal ¶¶ 7-16. On October 9, 2015, the plaintiff filed a demand for jury trial. **See** Filing No. 3. On November 9, 2015, the ESOP Committee filed a motion to dismiss (Filing No. 18) the plaintiff's claim for benefits under the ESOP and the present motion to strike (Filing No. 21) the plaintiff's jury demand.

On December 15, 2015, the plaintiff filed a First Amended Complaint & Jury Demand. **See** Filing No. 29. The amended complaint contains two groups of claims: (1) against Rajendran for converted and unaccounted for funds (Claim I), and (2)

against the ESOP Committee for benefits due to the plaintiff under the ESOP (Claim II). *Id.* at 6-9. The plaintiff alleges her claims against the ESOP Committee arise under ERISA. *Id.* ¶ 2.

In Claim I, the plaintiff alleges Rajendran breached her fiduciary duties as trustee and personal representative by engaging in self-dealing, collusion, and strategies to falsify documents, and by preventing the plaintiff from learning information about the health, whereabouts, and death of the decedent. *Id.* ¶ 27. The plaintiff further alleges the decedent lacked capacity to transfer the 401(k) and ESOP funds and Rajendran unduly influenced the decedent to make such transfers. *Id.* ¶ 27.3-27.13. The plaintiff seeks recovery of the decedent's 401(k) and ESOP funds from Rajendran on theories of breach of fiduciary duties, conversion, unjust enrichment, equitable estoppel, and aiding and abetting. *Id.* ¶¶ 2, 29-35.

In Claim II, the plaintiff alleges the ESOP Committee breached its contractual duties to the plaintiff as a beneficiary of the ESOP by distributing benefits to Rajendran without the plaintiff's consent and in violation of the state court's temporary injunction. *Id.* ¶ 37. The plaintiff alleges "no monetary judgment is sought against [the ESOP Committee] except to the extent that Plaintiff seeks to require [Rajendran] to disgorge and pay the [ESOP] funds sought as described in this Complaint, and to direct the [ESOP Committee] to pay the funds to Plaintiff." *Id.* ¶ 7. The plaintiff alleges the ESOP Committee breached its fiduciary duty "to pay the sums in the [ESOP] account of the Decedent to Plaintiff, and to avoid and refrain from consenting to or transferring these sums to Rajendran in any capacity." *Id.* ¶ 43. The plaintiff seeks recovery against the ESOP Committee for benefits due under an ERISA-governed benefit plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). *Id.* ¶¶ 42-44. The plaintiff seeks a declaratory judgment directing the ESOP Committee to distribute ESOP funds to the plaintiff once the funds are recovered from Rajendran. *Id.* ¶ 41. The ESOP Committee filed a motion to dismiss Claim II of the amended complaint on January 8, 2016. **See** Filing No. 34.

The ESOP Committee filed the present motion to strike the plaintiff's jury demand and brief in support prior to the date the plaintiff filed the amended complaint. However, the parties' subsequent briefing addresses the claims raised in the plaintiff's amended

complaint.  **See** Filing No. 26 - Response p. 4 and Filing No. 30 - Reply p. 2.  Thus the court, like the parties, will consider whether the plaintiff's jury demand should be stricken for her claims against the ESOP Committee contained in her amended complaint.  The ESOP Committee asserts ERISA does not provide the plaintiff with a right to a jury trial for any of her claims against the ESOP Committee.  **See** Filing No. 30 - Reply p 2.  The plaintiff concedes ERISA does not permit a jury trial for her breach of contract and denial of benefits claims arising under 29 U.S.C. § 1132(a)(1)(B) against the ESOP Committee, but argues ERISA does not bar a jury trial for her breach of fiduciary duty claim.  **See** Filing No. 26 - Response p. 3-4.  The plaintiff further argues she is entitled to a jury trial for her state law claims against Rajendran.  **Id.** at 4.

## ANALYSIS

When a plaintiff demands a jury trial, all issues must be tried to a jury unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."  Fed. R. Civ. P. 39(a)(2).  Federal Rule of Civil Procedure 38(a) states the right of trial by jury as declared by the Seventh Amendment, or as given by federal statute, "is preserved to the parties inviolate."  The Seventh Amendment provides for the right to a trial by jury in suits at common law where the value in controversy exceeds twenty dollars.  U.S. Const. amend VII.  "The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action."  **Ross v. Bernhard**, 396 U.S. 531, 538 (1970).  In analyzing the Seventh Amendment, a court "examine[s] the remedy sought and determine[s] whether it is legal or equitable in nature."  **Tull v. United States**, 481 U.S. 412, 417 (1987).  The Seventh Amendment preserves the right to a jury trial in actions at law, not actions in equity.  **See id.**  "The issue of whether a party is entitled to a jury trial under the Seventh Amendment is a question of law."  **Kampa v. White Consol. Indus., Inc.**, 115 F.3d 585, 586 (8th Cir. 1997).

"[T]here is no right to a jury trial of ERISA claims."  **Houghton v. SIPCO, Inc.**, 38 F.3d 953, 957 (8th Cir. 1994) (**citing In re Vorpahl**, 695 F.2d 318 (8th Cir. 1982));  **see also Langlie v. Onan Corp.**, 192 F.3d 1137, 1141 (8th Cir. 1999) ("[T]here is no right to a jury trial under ERISA.");  **Boyan v. Coventry Healthcare of Neb., Inc.**, No.

4

8:06CV245, 2007 WL 119163, at *6 (D. Neb. Jan. 10, 2007) (striking the plaintiff's demand for jury trial on its own initiative after concluding ERISA governs the plaintiff's claims). This is so because claims for present and future pension benefits have been viewed as equitable in nature and thus triable by a court. *Vorpahl*, 695 F.2d at 322. The plaintiff's claims against the ESOP Committee admittedly arise under ERISA. **See** Filing No. 29 - Am. Compl. ¶ 2. The plaintiff concedes ERISA does not permit a jury trial for her breach of contract and denial of benefits claims against the ESOP Committee arising under 29 U.S.C. § 1132(a)(1)(B). **See** Filing No. 26 - Response p. 3-4. Therefore, the court will strike the plaintiff's jury demand with respect to the claims against the ESOP Committee arising under 29 U.S.C. § 1132(a)(1)(B).

The plaintiff asserts the Eighth Circuit has never explicitly held a jury trial is unavailable for her claim for breach of fiduciary duty arising under 29 U.S.C. § 1132(a)(2) or (a)(3). **See** Filing No. 26 - Response p. 3.[1] Although the plaintiff's brief cites to case law discussing § 1132(a)(2), her amended complaint alleges her breach of fiduciary claim arises under § 1132(a)(3). **See** Filing No. 29 - Am. Compl. ¶ 43. Regardless of which section the plaintiff now alleges her claim for breach of fiduciary duty arises under, "The right to a jury trial under the [S]eventh [A]mendment depends on the nature of the issue to be tried." *Vorpahl*, 695 F.2d 318 at 322. In *Vorpahl*, the Eighth Circuit concluded there was no right to a jury trial under 29 U.S.C. §1132(a)(1)(b) or (a)(3) on claims brought by plaintiff-employees seeking present and future benefits under an ERISA-plan. *Id.* The employees alleged the plan failed to properly calculate and pay pension benefits under the terms of the plan in violation of the plan and ERISA, and in breach of the plan's fiduciary duties. *Id.* at 319-20. The court in *Vorpahl* characterized the employees' claims as ones for present and future pension benefits, which traditionally "have been viewed as equitable in nature and triable by a court." *Id.*

---

[1] The plaintiff contends the Fifth, Seventh, and Ninth Circuits have held a trial by jury is not barred in all ERISA actions. *Id.* The plaintiff cites to **Transamerica Occidental Life Ins. Co. v. DiGregorio**, 811 F.2d 1249 (9th Cir. 1987), **Jefferson Nat'l Bank v. Cent. Nat'l Bank**, 700 F.2d 1143 (7th Cir. 1983), and **Calamia v. Spivey**, 632 F.2d 1235 (5th Cir. 1980). **See** Filing No. 26 - Response p. 3. However, these cases do not support her contention. **See** *DiGregorio*, 811 F.2d at 1253 (holding the action did not fall within 29 U.S.C. § 1132(a)(3)), **Jefferson Nat. Bank,** 700 F.2d at 1145 (not an ERISA action); **Calamia**, 632 F.2d at 1236-37 (concluding the plaintiff's claims under both 29 U.S.C. § 1132(a)(1)(B) and (a)(3) provide for equitable remedies for which there is no right to a jury trial).

at 322. The court concluded when monetary relief "turns on a determination of entitlement to benefits," such relief is an "integral part of an equitable action" for which the Seventh Amendment provides no right to a jury. *Id.*

Similar to the employees' claims in *Vorpahl*, the plaintiff's breach of fiduciary duty claim is a claim for failure to pay benefits under the terms of an ERISA-governed plan. The plaintiff alleges the ESOP Committee breached its fiduciary duty "to pay the sums in the [ESOP] account of the Decedent to Plaintiff, and to avoid and refrain from consenting to or transferring these sums to Rajendran in any capacity." **See** Filing No. 29 - Am. Compl. ¶ 43. The plaintiff further alleges "no monetary judgment is sought against [the ESOP Committee]" and seeks an order directing the ESOP Committee to pay the ESOP funds to the plaintiff. *Id.* ¶ 7. Although the plaintiff has styled her claim as one for breach of fiduciary duty, in essence she is seeking "to recover benefits due to [her] under the terms of [the] plan." 29 U.S.C. § 1132(a)(1)(B). When any monetary relief turns on a determination of entitlement to benefits, such relief is an integral part of an equitable action for which the Seventh Amendment provides no right to a jury. *Vorpahl*, 695 F.2d at 322. Because the plaintiff's claim for breach of fiduciary duty turns on a determination of her entitlement to benefits under the ESOP, she is not entitled to a jury trial on that claim.

Moreover, the plaintiff's amended complaint asserts her breach of fiduciary duty claim arises under 29 U.S.C. § 1132(a)(3), which by its own terms pertains to claims for equitable relief for which there is no right to a jury. Section 1132(a)(3) provides a beneficiary may file an action "to obtain other appropriate equitable relief" to redress violations of an ERISA plan's terms or that ERISA subchapter or "to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). The United States Supreme Court has interpreted the term "appropriate equitable relief" as "referring to those categories of relief that, traditionally speaking (i.e., prior to the merger of law and equity) were typically available in equity." *CIGNA Corp. v. Amara*, 563 U.S. 421, 439 (2011) (quotations omitted); **see** *US Airways, Inc. v. McCutchen*, 133 S. Ct. 1537, 1544, (2013); *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 256 (1993). The Eighth Circuit in *Vorpahl* concluded "no jury trial is required" under 29 U.S.C. § 1132(a)(1)(b) or (a)(3) because such subsections create two categories of equitable

6

relief. ***Vorpahl***, 695 F.2d 318 at 321; **accord *Phelps v. C.T. Enter., Inc.***, 394 F.3d 213, 222 (4th Cir. 2005) (concluding § 1132(a)(3) provides only for equitable remedies and therefore provides no right to jury trial); ***Cox v. Keystone Carbon Co.***, 861 F.2d 390, 393 (3d Cir. 1988) (holding there is no right to jury trial under § 1132(a)(3) because it only provides for equitable relief); **see also *Ibson v. United Healthcare Servs., Inc.***, 776 F.3d 941, 945-47 (8th Cir. 2014) ***cert. denied***, 135 S. Ct. 2351 (2015) (affirming order striking jury demand for state law claims against insurance company as preempted by ERISA); ***McKnight v. Brentwood Dental Grp., Inc.***, No. 8:04CV642, 2005 WL 2290326, at *3 (D. Neb. Sept. 20, 2005) (striking jury demand for breach of fiduciary claim governed by ERISA). The court concludes the remedy sought by the plaintiff against the ESOP Committee for its alleged breach of fiduciary duty arising under ERISA is equitable in nature. Therefore, the court will strike the plaintiff's jury demand on her claim for breach of fiduciary duty against the ESOP Committee.

The plaintiff contends she is entitled to a jury trial on her claims against Rajendran for aiding and abetting, conversion, lack of capacity, and unjust enrichment. **See** Filing No. 26 - Response p. 4. The ESOP Committee's motion to strike was limited to striking the plaintiff's jury demand against the ESOP Committee. **See** Filing No. 30 - Reply p. 2 n.1. Rajendran did not join the motion to strike or participate in the briefing on the current matter. Therefore, the court will not consider the plaintiff's entitlement to a jury for her claims against Rajendran. The court's order is limited to striking the plaintiff's jury demand as to her claims against the ESOP Committee only. Upon consideration,

**IT IS ORDERED**:

The ESOP Committee's Motion to Strike Plaintiff's Request for Jury Trial (Filing No. 21) is granted.

Dated this 2nd day of March, 2016.

                                                      BY THE COURT:

                                                      s/ Thomas D. Thalken
                                                      United States Magistrate Judge